Battle, J.
 

 We do not concur in the construction which his Honor, in the Court below, put upon the contract between the parties. The agreement on the part of the plaintiff was, that his three boys should work for the defendants on their Rail Road contracts until they should be finished: in consideration of which, the defendants on their part, agree to pay him ten dollars
 
 per month.
 
 It seemed to us that plaintiff’s agreement was an entire one for the service of his slaves, during the whole period mentioned in the 'written contract. It must be so, unless the-stipulation for payment at “ ten dollars per month ” makes it otherwise. If that be taken to be a pi’omise by the defendants- to pay ten dollars at the end of each month, it may have the effect supposed; but we cannot believe that such was the intention of the parties. Had it been, it would have.been expressed in plainer terms, as by the insertion of the words “to be paid at the end of each month,” or some other words of equivalent import. As it
 
 *405
 
 stands, the more obvious meaning of the expression is, that the whole amount which the defendants were to become liable to pay, was to be ascertained by calculating for the whole time at that rate per month. As the term of service was left indefinite, this was essential, to enable the parties to determine how much one was to receive and the other to pay. But it is contended for the plaintiff, that the present agreement is similar to that upon which the action in
 
 Withers
 
 v. Reynolds, 2 Barn. and Adol. 882, was brought, and must be governed by the same rule of construction.- That agreement was as follows: “ John Beynolds undertakes to supply Joseph Withers with ■wheat-straw, delivered at his premises, till the 24th June, 1830, at the sum of 33s. per load of thirty-six trusses, to be delivered at the rate of three loads in a fortnight; and the said J. W. agrees to pay the said J. E. 33s. per load, for each load so delivered, from this day till the 24th June, 1830, according to the terms of this agreement.” The Court held that the seller had a right to demand payment,
 
 toties quoties,
 
 on the delivery of each load of straw. Had the above stated contract terminated at the close of the first clause of it, its resemblance to the one before us, would have been nearer, and then the Court would probably have adopted a different construction ; but the latter clause seemed to be inserted for the purpose of enabling the seller to demand payment for each load when he delivered it. The absence of any such clause in the present contract, precludes the interpretation insisted on for the plaintiff. If the construction of the contract between the parties, which we have adopted, be correct, then there is a clear principle of law well established by authority, and well founded in reason, which prevents the plaintiff’s recovery in the present action. It is that where there has been an entire executory contract, and the plaintiff has performed a part of it, and tjion. wilfully iff-fuses^ without leg'al excu^, and against the defendant’s consent, to perform the rest, lie cannot recover anything either in general or special assumpsit.
 
 Winstead
 
 v.
 
 Reid,
 
 Busb. Rep. 76, and see Am. Ed. of Smith’s Leading Cases, vol. 2, p. 1, and the notes containing.the English and American cases, where
 
 *406
 
 he subject is fully discussed and explained. The bill of exceptions shows that the plaintiff, after having performed a part only of his contract, refused to complete it, against the will of the defendants, and without any default on their part. ,He therefore, cannot recover in assumpsit upon either his special or general count. But if our construction of the contract be not the proper one, and the plaintiff had, under it, a right to demand pay for his slaves, before the expiration of the whole term of service, that cannot avail him, because it does not appear from the bill of exceptions that any such demand was made, or that he had, or pretended to have, any cause for withholding his slaves from the defendants. Having thus wil-fully refused to complete his contract, without any legal excuse and against the consent of the defendants, he cannot maintain assumpsit against them.
 

 Pek CüRIAM. The judgment must be set aside and a
 
 venire de novo
 
 awarded.